**FILED**
**CLERK**

4:26 pm, Feb 23, 2022

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

MARIA ELENA AGUDELO,

                                          Petitioner,

        -against-

UNITED STATES OF AMERICA,

                                          Respondent.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**

18-MC-01427 (JMA)
94-CR-636 (TCP)

**APPEARANCES:**

Maria Elena Agudelo
3109 Break Water Court
West Palm Beach, FL 33411
    *Pro Se Petitioner*

Charles Rose
Breon S. Peace
610 Federal Plaza
Central Islip, New York 11722
    *Respondent*

**AZRACK, United States District Judge:**

      Before the Court is the Petitioner Maria Elena Agudelo's motion to expunge her criminal record in the above-referenced criminal case. (the "Petition," ECF No. 1.) As explained below, the Court lacks jurisdiction to expunge a criminal record. Accordingly, the Petition is dismissed.

                              **I.    BACKGROUND**

      On January 12, 1996, the petitioner pleaded guilty to one count of failure to file a monetary instrument report in violation of 31 U.S.C. § 5316(a)(1)(A). (United States v. Agudelo, No. 94-

CR-636, January 12, 1996 Minute Entry.) The late Honorable Thomas C. Platt sentenced the petitioner to a term of 5 years of probation, a $500.00 fine, and a $50 special assessment. (Id.) On May 8, 2018, the Petitioner, proceeding pro se, brought this action to expunge her criminal record. (ECF No. 1.) In support of her motion, the Petitioner attached "Certificates of Good Conduct from New York and North Carolina" and her U.S. Citizen and Naturalization Certificate. (ECF No. 1-3.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only where the Constitution or federal statute provides it. A party cannot confer subject matter jurisdiction where the Constitution and Congress have not." Doe v. United States, 833 F.3d 192, 196 (2d Cir. 2016) (quotations omitted). With respect to criminal cases, federal courts retain subject matter jurisdiction even after judgment has been entered, as well as ancillary jurisdiction. Id. at 196-97. However, the court's ancillary jurisdiction is "aimed at enabling a court to administer justice within the scope of its jurisdiction." Id. at 196-97 (emphasis in original). It does not extend to petitions to seal or expunge a criminal conviction on equitable grounds and mandates dismissal of Petitioner's request. More generally, federal courts "do not have subject matter jurisdiction over motions to expunge or seal a valid conviction record, except in limited circumstances authorized by Congress." United States v. King, No. 14-CR-00357, 2017 WL 4326492, at *1 (E.D.N.Y. Sept. 28, 2017). Once a defendant has served her sentence and the court's decrees have "long since expired," expunging a record of conviction on equitable grounds "is entirely unnecessary to 'manage [a court's] proceedings, vindicate its authority, [or] effectuate its decrees." Doe, 833 F.3d at 198 (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80 (1994)).

### III. DISCUSSION

Here, the Petitioner has not identified any statutory exception that would authorize the Court to consider her request to expunge the record of her conviction based on equitable grounds. Her petition merely affirms, "I am served my imposed sentence[] and have met all of the mandated requirements." In support of her motion, she attaches documents she describes as "Certificates of Good Conduct from New York and North Carolina," along with her U.S. Citizen and Naturalization Certificate. To be sure, the Petitioner does not challenge the validity of her conviction, nor does she identify any statutory exception that would confer jurisdiction on the Court to consider her motion. She has also not provided other facts that could distinguish her case from Doe or qualify for the limited exceptions that would allow the Court to consider the motion. Accordingly, the Court has no jurisdiction to consider the Petitioner's motion. See also, Melvin v. United States, No. 18-MC-3359, 2019 WL 5394646, at *1 (E.D.N.Y. Oct. 21, 2019) (denying motion to expunge criminal record for lack of jurisdiction); Belardo v. United States, No. 21-MC-1016, 2021 WL 4972495, at *1 (E.D.N.Y. Oct. 26, 2021) (same).

### IV. CONCLUSION

For the reasons set forth above, Petitioner's motion for expungement is dismissed for lack of jurisdiction. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: February 23, 2022
Central Islip, New York

    /s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE